FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA** 2017 NOV 28  AM 10: 20
**FORT MYERS DIVISION**

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

RJ&SW HOLDINGS, LLC d/b/a
CROWN CONCIERGE, a Florida
limited liability company

       Plaintiff,

v.

Case No. 2:17-cv-654-FtM-38CM

CROWN CONCIERGE HOME
WATCH, INC., a Florida corporation
and CASSANDRA C. MULLANEY
an individual,

       Defendants.

_____/

### VERIFIED COMPLAINT FOR FEDERAL SERVICEMARK INFRINGEMENT; FEDERAL UNFAIR COMPETITION; FLORIDA SERVICEMARK INFRINGEMENT; FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES; FLORIDA UNFAIR COMPETITION; COMMON LAW SERVICEMARK INFRINGEMENT; AND CYBERSQUATTING; INJUNCTIVE RELIEF SOUGHT

Plaintiff, RJ&SW HOLDINGS, LLC, d/b/a CROWN CONCIERGE, a Florida limited liability company, hereby files this Verified Complaint against Defendants, CROWN CONCIERGE HOME WATCH, INC., a Florida corporation and CASSANDRA C. MULLANEY, an individual (hereinafter collectively "Defendants") for Federal Servicemark Infringement; Federal Unfair Competition; Florida Servicemark Infringement; Florida Deceptive and Unfair Trade Practices; Florida Unfair Competition; Common Law Servicemark Infringement; and Cybersquatting and alleges the following:

## Jurisdiction

1.    This action arises under The Lanham Act and Florida State and common law. Jurisdiction is proper in this Court under 28 U.S.C. § 1331, 15 U.S.C. §§ 1116, 1117, 1121, and 1125 and the principles of supplemental and pendent jurisdiction pursuant to 28 U.S.C. 1367(a).

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(a)(1) and 1392(b)(1) because this is the judicial district in which all Defendants reside and/or do business. Venue is proper under 28 U.S.C. §§ 1391(a)(2) and 1391(b)(2) because this is the judicial district in which a substantial part of the events giving rise to the claims occurred.

## The Parties

3.    Plaintiff, RJ&SW HOLDINGS, LLC, d/b/a CROWN CONCIERGE (hereinafter "Plaintiff"), is a Florida limited liability company organized and existing under the laws of the State of Florida, having its principal place of business in Fort Myers, Florida.

4.    Defendant CROWN CONCIERGE HOME WATCH, INC. is a Florida corporation having its principal place of business in Naples, Florida.

5.    Defendant CASSANDRA C. MULLANEY, is an individual and the President of Defendant CROWN CONCIERGE HOME WATCH, INC.    Upon information and belief Defendant CASSANDRA C. MULLANEY resides in Naples, Florida.

6.    Defendants have all committed the acts complained of herein in this Middle District for their gain and profit, and are subject to the jurisdiction of this Court.

## Factual Background

7.    Plaintiff is a successful and respected business engaged in home sitting; personal concierge services for others comprising making requested personal arrangements concerning the maintenance and use of vacation homes; and cleaning of residential houses.

2

8.      Plaintiff has been providing its home watch and related services under its CROWN CONCIERGE mark since at least as early as March 10, 2016.

9.      On February 27, 2015, Plaintiff registered the fictitious name CROWN CONCIERGE with the State of Florida.

10.     Plaintiff is currently located in Fort Myers, Florida and offers its services in interstate commerce through its website and to its numerous out-of-state residents. In fact, more than 50% of the services provided by Plaintiff are for individuals whose full-time residence is located outside the State of Florida.

11.     Plaintiff spends a substantial amount of money each year in advertising and marketing its service. This advertising is disseminated through multiple channels including magazines, newspapers, and the internet.

12.     Plaintiff's hard work and efforts have contributed to its excellent reputation and goodwill making CROWN CONCIERGE a well-known and recognized name in its field.

13.     Plaintiff is well known to the relevant consuming public as well as to its business competitors, including the Defendants.

14.     Upon information and belief, Defendants began offering their home watch services from their location in Naples, Florida in August 2017.

15.     Defendants are now directly competing with Plaintiff using Plaintiff's "CROWN CONCIERGE" mark within the same geographic territory of Southwest Florida.

16.     On June 7, 2017, the domain www.crownconciergehomewatch.com was registered by Defendant.

17.     Prior to initiating these proceedings, Plaintiff contacted Defendants on two occasions, once on its own through Facebook messenger and once in writing through Plaintiff's

attorney in an effort to resolve this matter. Each time Plaintiff requested that Defendants cease their use of CROWN CONCIERGE in connection with their competing services. Defendants refused Plaintiff and its attorneys' requests and continue to knowingly and willfully infringe Plaintiff's servicemark rights.

### Plaintiff's Servicemark Rights

18.    Plaintiff is the owner of all right, title and interest in the servicemark CROWN CONCIERGE, (hereinafter referred to as "Plaintiff's Mark"), for use in connection with its home sitting; personal concierge services for others comprising making requested personal arrangements concerning the maintenance and use of vacation homes; and cleaning of residential houses, which has been in use by Plaintiff since March 2016.

19.    Plaintiff is the owner of Florida Servicemark Registration T17000001242 for Plaintiff's Mark, which registration is a matter of public record.

20.    Plaintiff is also the owner of a pending federal servicemark application for Plaintiff's Mark (Serial No. 87631506)

21.    Plaintiff's services have been widely advertised and expansively offered to the public and promoted under Plaintiff's Mark.

22.    Plaintiff has been using Plaintiff's Mark in connection with its services in Florida and interstate commerce since at least as early as March 2016 and Plaintiff's Mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its high quality services and its goodwill.

23.    Plaintiff enjoys considerable success and an enviable reputation in its business activities due in large part to its use of and rights in Plaintiff's Mark.

24.    Plaintiff has made considerable expenditures and sacrifices to achieve the success it now enjoys in connection with its services sold under Plaintiff's Mark.

25.    As a result of Plaintiff's favorable reputation and considerable investments, Plaintiff's Mark has become synonymous with high quality within its field.

26.    Plaintiff's Mark has been extensively and continuously advertised and promoted to the public through various means and modes.  By reason of such advertising and promotion, the public has come to recognize Plaintiff's services under Plaintiff's Mark as emanating from Plaintiff.

27.    Plaintiff's significant advertising and marketing efforts to date under Plaintiff's Mark have been successful, and have enhanced the goodwill and brand recognition in Plaintiff's Mark, as well as continuously attracting new customers and referrals to the services provided by Plaintiff under its valuable servicemark.

28.    Plaintiff's long-term use and advertising and marketing efforts have caused customers and potential customers to identify Plaintiff as the sole source of exceptional services offered under Plaintiff's Mark.  As such, the distinctiveness of Plaintiff's Mark and its connection to the services offered under Plaintiff's Mark has, in fact, been established in the minds of the consuming public.

29.    Plaintiff enforces its rights herein under Plaintiff's Mark in order to protect the very valuable rights and excellent reputation Plaintiff has worked so hard to achieve and to prevent public confusion between Plaintiff and Defendant, as described hereinafter.

## Illegal Acts of the Defendants

30.    Defendant CROWN CONCIERGE HOME WATCH, INC. is a competing business and Defendant CASSANDRA C. MULLANEY is the President of Defendant CROWN

5

CONCIERGE HOME WATCH, INC. and are intentionally and consciously seeking to utilize Plaintiff's CROWN CONCIERGE mark in order to exploit the goodwill of Plaintiff.

31.     Upon information and belief, at all times material to the issues presented herein, Defendants had actual, prior knowledge of Plaintiff, Plaintiff's Mark, and its business success as described in greater detail herein.

32.     Defendants, with complete disregard for Plaintiff's rights, have openly and actively engaged in the illegal, unauthorized, infringing, unlicensed, and imitative use of a confusingly similar mark "CROWN CONCIERGE HOME WATCH" as that owned by Plaintiff, (hereinafter the "Infringing Mark"), by various and numerous means and modes, for the same services, all offered to the public in the same geographic areas as Plaintiff and in direct competition with Plaintiff.

33.     Upon information and belief, Defendants, unless enjoined by this Court, will continue to expand the use of the Infringing Mark and cause further irreparable damage and harm to Plaintiff.

34.     The Infringing Mark has been used by Defendants and offered to the public using this Middle District as a forum for its infringing activities with knowledge of the source of the Infringing Mark and with knowledge of the fact that Defendant's use of the Infringing Mark is neither genuine nor authorized by Plaintiff.

35.     Defendants have engaged in the transaction of business and activities and the commission of tortious acts in the State of Florida, within this Middle District and are subject to the jurisdiction of this Court.

36.     By using the Infringing Mark and engaging in activities and offering services under the Infringing Mark, Defendants have misrepresented and falsely described to the general public

the origin and source of Defendant's services so as to deceive the public and deliberately create the likelihood of confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services by the ultimate purchaser as to both the source and sponsorship of Defendant's services.

37.    Upon information and belief, Defendants' services offered under the Infringing Mark, as they are not the genuine services of Plaintiff and not fully authorized by Plaintiff, are or are likely inferior in quality to the services authorized to be performed by Plaintiff, and the promotion and sale thereof has, does, and will continue to damage and dilute the goodwill Plaintiff has developed in connection with offering legitimate, authorized services.

38.    Upon information and belief, Defendants, with full knowledge of the notoriety of Plaintiff's Mark, intended to and did trade on the goodwill associated with Plaintiff, have committed acts of unfair competition, have engaged in deceptive and unfair business practices, have been unjustly enriched and have misled and will continue to confuse and mislead the public by Defendant's offering to the public its services under the Infringing Mark.

39.    Defendants have offered and provided their services in Florida and in interstate commerce under the Infringing Mark, which are nearly identical to the services provided by Plaintiff, thus creating a likelihood of confusion, deception, and mistake as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services.

40.    The use by Defendants of the Infringing Mark constitutes a knowing and willful use of a false designation of origin and a false description or representation that wrongly and falsely designates Defendants' services offered to the public by Defendants as originating from, or

7

connected with, Plaintiff, and constitutes utilizing a false description or representation in commerce.

41.    The imitation, reproduction, and unauthorized use of the Infringing Mark causes irreparable injury to Plaintiff, including injury to its business reputation and dilution of the distinctive quality of Plaintiff's Mark.

42.    Defendants' use of the Infringing Mark has, does, and is likely to permit Defendants to pass off their services as those of Plaintiff's, all to the detriment of Plaintiff and to the unjust enrichment of Defendants.

43.    Defendants' use of the Infringing Mark will cause confusion in the marketplace and does cause, and is likely to continue to cause, damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.

44.    The actual confusion referred to has resulted in a likelihood of confusion as to whether Plaintiff and Defendants are affiliated, are sponsored by or acting in a joint venture with Plaintiff, a diversion of customers to Defendants and such other acts of confusion, public inconvenience and mistake.

## Injury to Plaintiff and the Public

45.    Defendants' unlawful activities results in irreparable harm and injury to Plaintiff. Among other harms it:

a.    is likely to continue to cause confusion, mistake, and deception as to the source or origin of Defendant's services, and is likely to falsely suggest a sponsorship, connection, license, or association between Defendants and/or their services and Plaintiff;

b.    deprives Plaintiff of its absolute right to determine the manner in which its services are presented to the general public;

8

c.     deceives the public as to the origin and sponsorship of such services;

d.     wrongfully trades upon and cashes in on Plaintiff's reputation and exclusive rights in its mark; and

e.     to the extent Defendants' services are or may be of an inferior quality or unauthorized for sale or distribution, irreparably harms and injures Plaintiff's reputation.

46.     Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's rights.

47.     Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest, and attorney fees and costs it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts as alleged herein. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff.

## COUNT I
### Federal Servicemark Infringement
### (15 U.S.C. §1125)

48.     Plaintiff repeats and realleges Paragraphs 1 through 47 above as if fully set forth herein.

49.     Defendants' acts as alleged herein with respect to Defendants' infringement of Plaintiffs' Mark, are likely to cause public confusion, mistake, or deception and constitute servicemark infringement in violation of 15 U.S.C. §1125.

50.     Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

51.     As a result, Plaintiff has suffered damages with interest.

52.     Plaintiff has no adequate complete remedy at law.

WHEREFORE, Plaintiff demands judgment against Defendants including:

a.     A permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.     From causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Mark, or as to the origin, sponsorship, or approval of its services, or commercial reputation, or dilution of the distinctiveness of Plaintiff's Mark or Plaintiff's forms of advertising;

ii.     From directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from Plaintiff;

iii.     From directly or indirectly using the Infringing Mark or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business, reputation or goodwill;

iv.     From utilizing the Infringing Mark or any confusingly similar variant in any shape or manner;

v.     From publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs or any other representations, regardless of the medium, which bear the Infringing Mark or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.      To deliver up to Plaintiff all literature, printed matter, product, and any other representations, regardless or form, which are in or came to be in Defendants' possession, custody, or control and which bear the Infringing Mark or any confusingly similar variant;

vii.     To notify its direct customers, agents, and representatives that the Infringing Mark or any confusingly similar variant is not connection with Plaintiff;

viii.    To immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any injunctive relief issued by this Court, propound and file a statement, under oath and penalty or perjury that each and every injunctive provision has been fully and completely complied with.

b.      An accounting and payment of all profits gained by the Defendants while engaging in the acts complained of herein;

c.      All monetary damages suffered by Plaintiff;

d.      A trebling of the profits and monetary damages to which Plaintiff is entitled under 15 U.S.C. §1117;

e.      Interest;

f.      An award of attorneys' fees and costs pursuant to 15 U.S.C. §1117; and

g.      Such other interlocutory and permanent relief as may be just and proper.

**COUNT II**
**Federal Unfair Competition**
**15 U.S.C. §1125**

53.     Plaintiff repeats and realleges Paragraphs 1 through 47 above as if fully set forth herein.

54.    Defendant's acts as alleged herein with respect to Defendants' infringement of Plaintiff's Mark are likely to cause public confusion, mistake, or deception, and constitute unfair competition with Plaintiff in violation of 15 U.S.C. §1125.

55.    Defendants' acts as alleged herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

56.    As a result, Plaintiff has no adequate complete remedy at law.

WHEREFORE, Plaintiff demands judgment against Defendants including:

a.    An injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who receive actual notice of this Court's orders:

i.    From causing a likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection or association of Defendants with Plaintiff or Plaintiff's Mark, or as to the origin, sponsorship, or approval of its services, or commercial reputation, or dilution of the distinctiveness of Plaintiff's Mark or Plaintiff's form of advertising;

ii.    From directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with or originating from Plaintiff;

iii.    From directly or indirectly using the Infringing Mark or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business, reputation or goodwill;

iv.    From utilizing the Infringing Mark or any confusingly similar variant in any shape or manner;

v.  From publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs or any other representations, regardless of the medium, which bear the Infringing Mark or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.  To deliver up to Plaintiff all literature, printed matter, products, and any other representations regardless of form, which are in or come to be in Defendants' possession, custody, or control, and which bear the Infringing Mark or any confusingly similar variant;

vii.  To notify its direct customers, agents, and representatives that the Infringing Mark or any confusingly similar variant is not connected with Plaintiff;

viii.  To immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury that each and every injunctive provision has been fully and completely complied with.

b.  An accounting and payment of all profits gained by the Defendants while engaging of the acts complained of herein.

c.  All monetary damages suffered by Plaintiff;

d.  A trebling of all the profits and monetary damages to which Plaintiff is entitled under 15 U.S.C. § 1117;

e.  Interest;

f.  An award of attorneys' fees and costs pursuant to 15 U.S.C. §1117; and

g.  Such other interlocutory and permanent relief as may be just and proper.

## COUNT III
### Florida Servicemark Infringement
### (Florida Statutes §495.131, et. seq.)

57.   Plaintiff repeats and realleges Paragraphs 1 through 47 above as if fully set forth herein.

58.   Defendants' acts, as set forth herein, constitute an infringement of Plaintiff's rights in and to its servicemark as set forth in Florida Statutes §495.131, et seq.

59.   Defendants' acts, as set forth herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

60.   As a result, Plaintiff has suffered damages with interest.

61.   Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against the Defendants, including:

a.   An injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.   From causing a likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Mark, or as to the origin, sponsorship, or approval of its services, or commercial reputation, or dilution of the distinctiveness of Plaintiff's Mark or Plaintiff's forms of advertising;

ii.   From directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from Plaintiff;

iii.    From directly or indirectly using the Infringing Mar or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business, reputation or goodwill;

iv.    From utilizing the Infringing Mark or any confusingly similar variant in any shape or manner;

v.    From publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Mark or any confusingly similar variant, and from otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Mark or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.    To deliver up to Plaintiff all literature, printed matter, products, and any other representations, regardless of form, which are in, or come to be in, Defendants' possession, custody or control and which bear the Infringing Mark or any confusingly similar variant;

vii.    To notify its direct customers, agents, and representatives that the Infringing Mark or any confusingly similar variant is not connected with Plaintiff;

viii.    To immediately institute full compliance with any order entered by this Court, and within thirty days following the date of entry of any injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with.

b.  An accounting and payment of all profits gained by the Defendants while engaged in the acts complained of herein;

c.  All monetary damages suffered by Plaintiff;

d.  A trebling of the profits and monetary damages to which Plaintiff is entitled under Section 495.141, Florida Statutes;

e.  Interest;

f.  An award of attorneys' fees and costs; and

g.  Such other interlocutory and permanent relief as may be just and proper.

**COUNT IV**
**Florida Deceptive and Unfair Trade Practices**
**(Florida Statutes §501.204, et seq.)**

62.  Plaintiff repeats and realleges Paragraphs 1 through 47 above as if fully set forth herein.

63.  Defendants' deceptive, unfair, and commercially exploitive acts, as alleged herein, were in bad faith and are in violation of the Florida Deceptive and Unfair Trade Practices Act, in violation of Florida Statutes §501.204, et. seq.

64.  Defendant's acts, as alleged herein, have caused irreparable injury to Plaintiff and, unless restrained, will continue to do so.

65.  As a result, Plaintiff has suffered damages with interest.

66.  Plaintiff has no adequate, complete remedy at law.

WHEREFORE, Plaintiff demands judgment against Defendants, including:

a.  An injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participating therewith who received actual notice of this Court's orders:

16

i.  From causing a likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Mark, or as to the origin, sponsorship, or approval of its services or commercial reputation, or dilution of the distinctiveness of Plaintiff's Mark or Plaintiff's forms of advertising;

ii.  From directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from Plaintiff;

iii.  From directly or indirectly using the Infringing Mark or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business, reputation or goodwill;

iv.  From utilizing the Infringing Mark or any confusingly similar variant in any shape or manner;

v,  From publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Mark or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.  To deliver up to Plaintiff all literature, printed matter, products, and any other representations, regardless of form, which are in, or come to be in, Defendants' possession, custody or control and which bear the Infringing Mark or any confusingly similar variant;

vii.  To notify its direct customers, agents, and representatives that the Infringing Mark or any confusingly similar variant is not connected with Plaintiff; and

17

viii.   To immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with.

b.     An accounting and payment of all profits gained by the Defendants while engaging in the acts complained of herein;

c.     All monetary damages suffered by Plaintiff;

d.     An award of punitive and exemplary damages;

e.     Interest;

f.     An award of attorneys' fees and costs; and

g.     Such other interlocutory and permanent relief as may be just and proper.

## COUNT V
### Florida Unfair Competition

67.     Plaintiff repeats and realleges Paragraphs 1 through 47 above as if fully set forth herein.

68.     Defendants' acts, as set forth herein, constitute under Florida common law, Florida unfair competition in violation of the Florida common law.

69.     Defendants' acts, as alleged herein, have caused irreparable injury to Plaintiff and, unless restrained, will continue to do so.

70.     As a result, Plaintiff has suffered damages with interest.

71.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against Defendants, including:

18

a.      An injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.      From causing a likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Mark, or as to the origin, sponsorship, or approval of its services, or commercial reputation, or dilution of the distinctiveness of Plaintiff's Mark or Plaintiff's forms of advertising;

ii.     From directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from Plaintiff;

iii.    From directly or indirectly using the Infringing Mark or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business, reputation or goodwill;

iv.     From utilizing the Infringing Mark or any confusingly similar variant in any shape or manner;

v.      From publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Mark or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.     To deliver up to Plaintiff all literature, printed matter, products, and any other representations, regardless of form, which are in, or come to be in, Defendants' possession, custody or control and which bear the Infringing Mark or any confusingly similar variant;

19

vii.     To notify its direct customers, agents, and representatives that the Infringing Mark or any confusingly similar variant is not connected with Plaintiff;

viii.    To immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any injunctive relief issued by this Court, propound and file a statement under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with.

b.     An accounting and payment of all profits gained by the Defendants while engaging in the acts complained of herein.

c.     All monetary damages suffered by Plaintiff;

d.     Interest;

e.     An award of attorneys' fees and costs; and

f.     Such other interlocutory and permanent relief as may be just and proper.

## COUNT VI
## Common Law Servicemark Infringement

72.     Plaintiff repeats and realleges Paragraphs 1 through 47 as if fully set forth herein.

73.     Plaintiff's use of its servicemark "CROWN CONCIERGE" in conjunction with home sitting; personal concierge services for others comprising making requested personal arrangements concerning the maintenance and use of vacation homes; and cleaning of residential houses since March 2016 has caused the public to associate such services with Plaintiff. Thus, Plaintiff's use of the mark "CROWN CONCIERGE" has thus created common law servicemark rights belonging to Plaintiff.

20

74.    The Defendants' adoption and of a virtually identical mark for use with the same services offered to the same public has or will cause confusion, mistake and deception as to the source or origin of the services and will continue to do so.

75.    As a result of Defendants' actions, the common law servicemark rights of the Plaintiff have been infringed.  If such infringement is not enjoined then the Plaintiff will be irreparably injured by the prospective loss of customers due to confusion, damage to its reputation and other ways for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against Defendants, including:

a.    An injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert of participation therewith who received actual notice of this Court's orders:

i.    From causing a likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Mark, or as to the origin, sponsorship, or approval of its services, or commercial reputation, or dilution of the distinctiveness of Plaintiff's Mark of Plaintiff's forms of advertising;

ii.    From directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from Plaintiff;

iii.    From directly or indirectly using the Infringing Mark or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business, reputation or goodwill;

iv.    From utilizing the Infringing Mark or any confusingly similar variant in any shape or manner;

21

    v.      From publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Mark or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

    vi.    To deliver up to Plaintiff all literature, printed matter, products, and any other representations, regardless of form, which are in, or come to be in, Defendants' possession, custody or control which bear the Infringing Mark or any confusingly similar variant;

    vii.    To notify its direct customers, agents, and representatives that the Infringing Mark or any confusingly similar variant is not connected with Plaintiff.

    viii.    To immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any injunctive relief entered by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with.

    b.    An accounting and payment of all profits gained by the Defendants while engaging in the acts complained of herein.

    c.    All monetary damages suffered by Plaintiff;

    d.    Interest;

    e.    An award of attorneys' fees and costs; and

    f.    Such other interlocutory and permanent relief as may be just and proper.

## COUNT VII
### Cybersquatting

76.    Plaintiff repeats and realleges Paragraphs 1 through 47 above as if fully set forth herein.

22

77.    Defendants have acquired the domain www.crownconciergehomewatch.com.

78.    Plaintiff began using the distinctive "CROWN CONCIERGE" mark in connection with its home watch and related services long before Defendants' acquisition of the www.crownconciergehomewatch.com domain.

79.    Defendants www.crownconciergehomewatch.com domain is confusingly similar to Plaintiff's Mark "CROWN CONCIERGE."

80.    Defendants have acquired the www.crownconciergehomewatch.com domain with bad faith intent to profit from Plaintiff's Mark "CROWN CONCIERGE."

81.    Defendants' acts as alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff's Mark, business reputation, and goodwill. Plaintiff has not adequate remedy at law as monetary damages are inadequate to compensate Plaintiff for the injuries caused by Defendants.

82.    Plaintiff    is    entitled    to    cancellation    of    Defendants' www.crownconciergehomewatch.com domain registration or transfer of the domain to Plaintiff, along with monetary compensation and statutory penalties pursuant to the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. §1125(d).

WHEREFORE, Plaintiff demands judgment against Defendants, including:

a.    An injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.    From causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's Mark, or as to the origin, sponsorship, or approval of its services, or commercial

reputation, or dilution of the distinctiveness of Plaintiff's Mark or Plaintiff's forms of advertising;

ii.     From directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from Plaintiff;

iii.     From directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from Plaintiff;

iv.     From utilizing the Infringing Mark or any confusingly similar variant in any shape or manner;

v.     From publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the Infringing Mark or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.     To deliver up to Plaintiff all literature, printed matter, products, and any other representations, regardless of form, which are in, or come to be in, Defendants' possession, custody or control and which bear the Infringing Mark or any confusingly similar variant.

vii.     To notify its direct customers, agents, and representatives that the Infringing Mark or any confusingly similar variant is not connected with Plaintiff.

viii.     To immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with.

b.      That this Court order the Registrar of the www.crownconciergehomewatch.com

domain to be cancelled or transferred to the Plaintiff;

c.      An accounting and payment of all profits gained by the Defendant while engaging

in the acts complained of herein.

d.      All monetary damages suffered by Plaintiff;

e.      Interest;

f.      An award of attorneys' fees and costs; and

g.      Such other interlocutory and permanent relief as may be just and proper.

Dated:  November 28, 2017

Respectfully submitted,

By: _Luca R. Loeffler_

Edward M. Livingston, Esq.
Florida Bar No. 251879
Reg. Patent Atty. No. 28,523
Ed@lliplaw.com

Erica L. Loeffler, Esq.
Florida Bar No. 852201
erica@lliplaw.com

LIVINGSTON LOEFFLER, P.A.
963 Trail Terrace Dr.
Naples, FL 34103
(239) 262-8502
(239) 261-3773 (fax)

Attorneys for Plaintiff

25

## **VERIFICATION**

STATE OF FLORIDA        )
COUNTY OF COLLIER     )

I, ROBERT SHIPMAN, being duly sworn, depose and say:

1.      I am a Plaintiff in the above styled action and a managing member and an owner of RJ&SW HOLDINGS, LLC.

2.      I have reviewed the VERIFIED COMPLAINT FOR FEDERAL SERVICEMARK INFRINGEMENT; FEDERAL UNFAIR COMPETITION; FLORIDA SERVICEMARK INFRINGEMENT; FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES; FLORIDA UNFAIR COMPETITION; COMMON LAW SERVICEMARK INFRINGEMENT; AND CYBERSQUATTING; INJUNCTIVE RELIEF SOUGHT in the captioned matter and verily believe the information is true and correct.

FURTHER AFFIANT SAITH NOT.

_____
ROBERT SHIPMAN

Sworn to and subscribed before me
this 22nd day of November, 2017.

_____
Notary Public
My Commission Expires:

MARY E. NELSON
Notary Public - State of Florida
Commission # FF 912564
My Comm. Expires Aug 24, 2019
Bonded through National Notary Assn.

_____ Personally Known to Me; or
___X___ Produced  Florida  Drives  as identification.
          S155 - 770-73-166 - 0

26